IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**BEVERLY DICKSON,**

        **Plaintiff,**

v.                                                Case 2:22-cv-02070-SHM-cgc

**GREEN DOT PUBLIC SCHOOLS
TENNESSEE,**

        **Defendant.**

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Green Dot Public Schools Tennessee's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #9). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

### I.    Procedural Background

On May 5, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age and disability and retaliation. (D.E. #9-2). Plaintiff alleged that she was an employee of Defendant and that the discrimination occurred between April 1, 2020 and November 8, 2020. (*Id*. at PageID 46). Specifically, she alleges that Defendant was aware that she had a disability and that she is above the age of 40, that she was assigned an unequal workload and provided unequal IT support in

comparison to her co-worker who was below the age of forty, and that she was retaliated against for filing an internal complaint regarding her benefits and insurance. (*Id*. at PageID 47). She alleges that she resigned from her employment on November 8, 2020 and that, on November 9, 2020, her request to rescind her resignation was denied. (*Id*.)

On February 2, 2022, Plaintiff filed a *pro se* Complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq*. ("ADA"). Her allegations are generally consistent with those contained in her EEOC Charge. Specifically, Plaintiff alleges that she was subjected to unequal terms and conditions of employment on the basis of disability and age and that she experienced unlawful retaliation. (Compl. ¶¶ 6, 9, 10). Plaintiff alleges that the unlawful conduct occurred between April 1, 2020 and November 8, 2020. (*Id*. ¶ 7). As factual basis for the Complaint, Plaintiff alleges that she was hired by Green Dot on July 1, 2016 as a special education classroom teacher. (*Id*. at PageID 5). With respect to age discrimination, she alleges that, between May 2020 and November 8, 2020, she was assigned a heavier workload than her younger co-worker, Dionica Gray ("Gray"), who was below the age of forty. (*Id*. at PageID 5-6). Specifically, she alleges that, in 2020, she was assigned between twenty-four and twenty-six students and that Gray was only assigned three. (*Id*. at PageID 6).[1] With respect to disability discrimination, she alleges that she made Defendant aware of her

---

1 Plaintiff also mentions that Gray was only assigned one student in 2019 while she was assigned fifteen; however, these are outside the dates during which she alleges that she was subjected to unlawful discrimination. It is also outside the alleged dates of discrimination in her EEOC Charge. (*See* D.E. #9-2).

disabilities, which she lists as depression and anxiety, and that they discriminated against her on this basis. (*Id*. at ¶ 9 & PageID 7). She does not precisely allege how she believes that this discrimination occurred or whether any individual without a disability was treated more favorably; however, she does allege an overarching concern that she was subject to "unequal terms and conditions of her employment regarding . . . IT support." (*Id*. at PageID 5). With respect to retaliation, Plaintiff alleges that she filed an internal complaint regarding her "benefits and insurance." (*Id*. at PageID 7). She does not allege when she did so or how she was retaliated against for her action. (*Id*. at PageID 7-8).

On March 21, 2022, Defendant filed the instant Motion to Dismiss. Defendant argues that all of Plaintiff's claims fail to satisfy even the liberal standard of notice pleading under Rule 8 of the Federal Rules of Civil Procedure. As to Plaintiff's ADEA claim, Defendant argues that she has not alleged that she suffered an adverse employment action. As to Plaintiff's disability claim, Defendant argues that she does not allege that she either suffered an adverse employment action on the basis of disability or that she requested a disability accommodation and was denied it. As to Plaintiff's Title VII claim, Defendant argues that the basis for it is unclear and that, even if it were, Plaintiff failed to exhaust her administrative remedies, as her EEOC Charge did not allege any Title VII violations. As to Plaintiff's retaliation claim, Defendant argues that the basis for it is also unclear but that she cannot pursue such claim for ADA or ADEA retaliation based upon internal complaints about her insurance and benefits because such complaints do not constitute protected activity and because she does not allege any materially adverse action occurred thereafter. Further, Defendant argues that Plaintiff may not pursue any ADA or ADEA

3

retaliation claim for alleged acts that occurred during the EEOC investigation into her EEOC Charge because the investigation occurred after she resigned from her employment.

On April 7, 2022, Plaintiff filed her *pro se* Response to Defendant's Motion to Dismiss. (D.E. #13). Therein, she states that she has attached evidence supporting the allegations of her Complaint.

On April 21, 2022, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. (D.E. #18). Initially, Defendant argues that Plaintiff's Response should not be considered by the Court because does not contain any legal arguments that are responsive to its Motion to Dismiss and that her exhibits should not be considered by the Court as they are neither referenced in the Complaint nor central to the claims contained therein.[2] Thus, Defendant asserts that, as Plaintiff has raised no argument in opposition to its Motion to Dismiss, the motion should be granted for the reasons set forth therein.[3]

## II.     Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in

---

[2] Defendant additionally argues that, even though Plaintiff seeks to file evidence at this stage, the Court should not construe its Motion to Dismiss as one for summary judgment because both parties have not had a reasonable opportunity to present materials in support and defense of the motion.

[3] On April 28, 2022, Plaintiff filed a document entitled "Plaintiff['s] Response in Opposition to Defendant's Request to Exclude and/or Dismiss a Request for Summary Judgment." (D.E. #22). Therein, she continues to ask the Court to consider the evidence she filed with her Response. However, this filing is considered to be a sur-reply, which is not permitted pursuant to Local Rule 12.1. Accordingly, it is RECOMMENDED that this document not be considered for purposes of the Motion to Dismiss, and it is not considered herein.

the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429

5

U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

  a. ***ADEA Claim***

The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The prohibitions on age discrimination in the ADEA are "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631.

To ultimately *prove* an ADEA claim, a plaintiff must either provide direct evidence of age discrimination, *Geiger v. Tower Automotive*, 579 F.3d 614, 620 (6th Cir. 2009) (citing *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008)), or satisfy the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for a claim based upon circumstantial evidence, which begins by establishing a *prima facie* as follows: (1) that she was a member of the protected class; (2) qualification for the job in question; (3) an adverse employment action; and, (4) circumstances that support an inference of discrimination, *Blizzard v. Marion Tech. College*,

698 F.3d 275, 283 (6th Cir. 2012) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)). However, these are evidentiary standards, not pleading requirements. *Swierkiewicz*, 534 U.S. at 510-11. The Sixth Circuit does not require that a plaintiff plead a *prima facie* case to survive a motion to dismiss. *Rhodes v. R & L Carriers, Inc.*, 491 Fed. Appx. 579, 584 (6th Cir. 2012) citing *Swierkiewicz* at 512. Instead, a Plaintiff must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which only requires a "short and plaint statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz* at 511 - 12 (citing Fed. R. Civ. P. 8(a)(2)).

Even in light of *Swierkiewicz*, the question of whether an alleged adverse employment action occurred is the crux of an ADEA claim. As our sister court held in the context of an ADA retaliation claim, which is also addressed under the *McDonnell-Douglas* framework, an "adverse action is not merely an element of the *McDonnell Douglas* prima facie case; rather, an adverse action is an essential element . . . ." *Kelly v. First Data Corp.*, No. 1:19-cv-372. 2020 WL 3528653, at *5 (S.D. Ohio June 30, 2020). An adverse action is also essential if any other evidentiary framework ultimately applies, *Id.*, including the direct evidence test, *Geiger*, 579 F.3d at 620 (citing *Gross v. FBL Financial Srvs, Inc.*, 557 U.S. 167, 177-78 (2009)).

Here, the only action that Plaintiff alleges constitutes discrimination under the ADEA is that she was assigned a greater workload than a colleague who was younger than age 40. Both the Sixth Circuit and other courts within it have determined that allegedly inequitable job duties or increased workloads do not constitute materially adverse employment actions under the ADEA or other employment discrimination laws. *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir. 1996) (citation omitted) (stating that the action must be more disruptive than an alteration of job responsibilities); *Johnson v. United Parcel Serv., Inc.*, 117 Fed. Appx. 444, 450 (6th Cir.

7

2004) (citing *Kocsis*, 97 F.3d at 885 (concluding that, absent changes in salary or the overall number of hours of work, rescheduling a worker to a more difficult workload does not constitute an adverse employment action); *Betty Jones v. Trane US, Inc.*, No. 3:19-CV-00453, 2020 WL 5088211, at *8 (M.D. Tenn. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5569834 (M.D. Tenn. Sept. 17, 2020) (concluding that, under the ADEA, the "act of assigning extra duties to an employee is generally the type of workplace activity that falls outside the scope of a materially adverse change in employment status"); *Bobby Jacox v. Cincinnati Pub. Sch.*, 2007 WL 2156650, at *5 (S.D. Ohio July 26, 2007) ("Surely asking any employee to work longer hours or perform additional tasks may impose a burden on that employee. But additional work tasks alone are insufficient to establish material adversity" under the ADEA).

Accordingly, it is RECOMMENDED that Plaintiff's claim for discrimination on the basis of age in violation of the ADEA be DISMISSED as she has failed to satisfy Rule 8(a)(2) and Rule 12(b)(6)'s requirements that her claims would entitle her to relief under the law.

### b. ADA Claim

Under the ADA, an employer shall not "discriminate against a qualified individual on the basis of disability in regard to [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To ultimately prove and ADA discrimination claim, a plaintiff must provide either direct evidence of discrimination on the basis of disability or satisfy the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for a claim based upon circumstantial evidence, *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012). If the plaintiff has direct evidence that the employer relied upon her disability to make an adverse employment

decision, she must prove that she is disabled and that she is otherwise qualified with the position. *Monette*, 90 F.3d at 1186. Under the indirect evidence approach, she must begin by establishing the following elements of her *prima facie*: (1) she is disabled; (2) she is otherwise qualified for the position; (3) she suffered an adverse employment decision; (4) the employer knew or had reason to know of her disability; and, (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Id*.

The ADA also makes it unlawful for an employer to fail to provide a reasonable accommodation to an individual with a disability who is otherwise qualified for the position unless the employer can demonstrate that the accommodation would impose an undue hardship upon the operation of its business. 42 U.S.C. § 12112(b)(5)(A). At the outset, the burden rests upon the plaintiff to request an accommodation based upon her existing medical restrictions, and the employer has no duty to offer one without such a request. *Kovac v. Superior Dairy, Inc*., 998 F. Supp. 2d 609, 619 (6th Cir. 2014). "[C]laims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence" of the failure to accommodate. *Id.* (citations omitted).

Under *Swiekiewicz*, the aforementioned requirements are evidentiary standards for proving either an ADA discrimination claim and/or an ADA failure-to-accommodate claim, not pleading requirements; however, they do provide overarching guidance as to what allegations would or would not entitle her to relief under the law, which Rule 8(a)(2) and 12(b)(6) require to survive a motion to dismiss.

Here, Plaintiff's Complaint only contains two allegations regarding her disability discrimination claim. First, she states that she made Defendant aware of her disabilities, which

she identifies as depression and anxiety. Second, she states that she was discriminated against on the basis of her disability. These allegations are conclusory at best and do not satisfy Rule 8(a)(2)'s requirement of a short and plain statement of the claim or *Twombly* and *Iqbal*'s requirements that the allegations be more than a "formulaic recitation" or "threadbare recital" of the elements of a cause of action.

Even if the Court were to consider the allegations in other portions of her Complaint as being allegations of ADA discrimination, her two allegations of unfair treatment are that she was assigned a greater workload and that she did not receive adequate IT support. As set forth, *supra*, the crux of an employment discrimination claim is that an unlawful adverse action is taken against the plaintiff. As also set forth, *supra*, workload assignments do not constitute adverse actions. Further, Plaintiff has not cited any authority for the proposition that a failure to provide IT assistance rises to the level of an adverse action, and the Court is aware of none.

Finally, Plaintiff fails to state that she made any request for an accommodation due to her disability. This request is essential to stating a claim for relief for a failure-to-accommodate claim as, absent a short and plain statement of an accommodation being sought, Defendant does not have fair notice of the claim against it. Accordingly, it is RECOMMENDED that Plaintiff's claims for ADA discrimination and/or ADA failure to accommodate be DISMISSED as she has failed to satisfy Rule 8(a)(2) and Rule 12(b)(6)'s requirements that her claims would entitle her to relief under the law.

  c. ***Title VII Claim***

Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). A Title VII claim must

be originated at the EEOC by filing an administrative charge within a certain time after the alleged wrongful act or acts. 42 U.S.C. § 2000e-5(e)(1). The charge must be "'sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included" in the EEOC charge. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver, Co.*, 415 U.S. 36, 47 (1974)). However, because EEOC charges are often filed *pro se*, they are "construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis*, 610 F.3d at 362 (citing *Randolph v. Ohio Dep't of Youth Srvs.*, 453 F.3d 724, 732 (6th Cir. 2006)).

The charge-of-discrimination form, EEOC Form 5, contains two key sections: (1) boxes to check the basis or bases of the alleged discrimination; and, (2) a section to write the "particulars" of the allegations in narrative form. (*See* D.E. #9-2). When completing this form, Plaintiff did not check any box to allege that discrimination was based upon race, color, religion, sex, or national origin. (*See id*.) She also did not mention any of these bases or Title VII in her narrative. The *Younis* court concluded that both failing to check the applicable box and failing to include the information in the narrative was insufficient for a plaintiff to demonstrate exhaustion of administrative remedies. *Younis*, 610 F.3d at 363. Accordingly, it is RECOMMENDED that Plaintiff's claim of Title VII discrimination be DISMISSED as she failed to exhaust her administrative remedies on such a claim.

### d. Retaliation Claim

Finally, Plaintiff's Complaint contains a claim for retaliation. It is unclear whether she intends to bring that claim under the ADA or the ADEA.[4] The ADA provides as follows with respect to retaliation: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Similarly, the ADEA provides as follows: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . has opposed any practice made unlawful by this section, or because she individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d).

Under both statutes, she must ultimately prove a retaliation claim by either providing direct evidence that she suffered retaliation on the basis of age and/or disability or by satisfying the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for a retaliation claim based upon circumstantial evidence, which begins by establishing a *prima facie* case as follows: (1) that she engaged in protected activity; (2) that Green Dot knew of her exercise of a protected right; (3) that thereafter, Green Dot took an action that was "materially adverse" to her; and, (4) that a causal connection existed between the protected activity and the materially adverse action. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (ADA); *Mickey v. Zeider Tool and Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (ADEA); *Imwalle v. Reliance Medical Products, Inc.*,

---

4  It is also unclear whether she may intend to bring such a claim under Title VII; however, for the reasons set forth above, her failure to administratively exhaust her remedies before pursuing a Title VII discrimination claim would also be fatal to any Title VII retaliation claim she sought to pursue.

12

515 F.3d 531, 543-44 (6th Cir. 2008) (ADEA). Like her ADA and ADEA discrimination claims, Plaintiff is not required to plead each element of a *prima facie* case to survive a motion to dismiss, *see Swierkiewicz*, 534 U.S. at 510-12; *James*, 2018 WL 4701855, at 3 (ADA); *Mark P. Donaldson v. Louis DeJoy*, No. 1:20-cv-12775, 2021 WL 8014025, at *8 (E.D. Mich. Nov. 29, 2021) (citations omitted) (ADEA); however, she must comply with Rules 8(a)(2) and 12(b)(6)'s requirements that her complaint contains allegations that would entitle her to relief.

Plaintiff's Complaint alleges four retaliatory acts: (1) that, following her filing of an "internal complaint regarding her benefits and insurance," she was denied a place to hold meetings; (2) that, during the EEOC investigation of her EEOC Charge, she was denied an opportunity to attend meetings; (3) that, during the EEOC investigation of her EEOC Charge, she was prevented from fulfilling her duties due to computer glitches and technical issues; and, (4) that, during the EEOC investigation of her EEOC Charge, she was prevented from fulfilling her duties because she "received little or no[] support when assigned a deadline involving students['] virtual learning goals."

With respect to the three actions she states were taken during the investigation of her EEOC Charge, her EEOC Charge was filed *after* she resigned from her employment. (*See* D.E. #9-2 at PageID 46-47) (stating that she resigned on November 8, 2020 and that she filed her EEOC Charge on May 5, 2021). Under the ADEA, retaliation is unlawful if it is taken by an *employer*, which Green Dot was not as of the time of the EEOC investigation. 29 U.S.C. § 623(d). Likewise, although the ADA more generally states that "[n]o person" shall commit unlawful retaliation, the Sixth Circuit has clarified that the "ADA prohibits an employer from retaliating against an employee because the employee engaged in protected activity." *See Walborn v. Erie County*

13

*Care Facility*, 150 F.3d 584, 588 (6th Cir. 1998) (citing 42 U.S.C. § 12203(a)). Thus, these allegations do not satisfy Rule 8(a)(2) and Rule 12(b)(6)'s requirement that her allegations would entitle her to relief under the law.

With respect to her allegations of retaliation following her internal complaint about her benefits and insurance, she has also not stated a cognizable claim because, even if she ultimately proved any adverse actions were taken after her complaint, they would not be unlawful under either the ADA or ADEA retaliation provisions because her internal complaint does not constitute protected activity. *Caitlin O'Connor v. Lampo Group, LLC*, No. 3:20-cv-00628, 2021 WL 4480482, at *10 (M.D. Tenn. Sept. 29, 2021) (concluding that an email requesting benefits is not protected conduct for purposes of a retaliation claim); *see also Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) (finding that vague complaints do not give rise to a retaliation claim); *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (stating that a "vague charge of discrimination in an internal letter or memorandum is insufficient to constitute opposition to an unlawful employment practice."). Additionally, Plaintiff has not alleged any action whatsoever that Green Dot took following her internal complaint. Accordingly, it is RECOMMENDED that Plaintiff's ADA and/or ADEA retaliation claims be DISMISSED as she has failed to satisfy Rule 8(a)(2) and Rule 12(b)(6)'s requirements that her claims would entitle her to relief under the law.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss (D.E. #9) be GRANTED.

**IT IS SO ORDERED** this 27th day of June, 2022.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
