```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|                             |   |                |
|---|---|---|
| **BEVERLY DICKSON,**        | ) |                |
|                             | ) |                |
|     **Plaintiff,**      | ) |                |
|                             | ) |                |
|                             | ) |                |
| v.                          | ) | No. 22-cv-2070 |
|                             | ) |                |
| **GREEN DOT PUBLIC SCHOOLS,** | ) |                |
|                             | ) |                |
|     **Defendant.**      | ) |                |
|                             | ) |                |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an employment discrimination case. Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), issued on June 27, 2022. (ECF No. 23.) The Report recommends granting Defendant Green Dot Public Schools Tennessee's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF No. 9. Objections to the Report were due on July 11, 2022. See Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). Before the deadline, on June 30, 2022, Plaintiff Beverly Dickson, who is proceeding pro se, filed a document styled as a "Claim Supporting and Objection to Defendant's Motion to Dismiss." (ECF No. 24.) Defendant filed its response on July 11, 2022. (ECF No. 25.) After the deadline to file objections had passed, Plaintiff made two further filings. Plaintiff filed her "Claim Opposing Recommendation to Dimiss ADA and Retalition

[sic]" on July 18, 2022. (ECF No. 26.) On July 19, 2022, Plaintiff filed a "Memorandum Establishing a Claim Using Direct Evidence Objecting to Recommenation [sic] for Dismissal (Addendum)." (ECF No. 27.)

For the reasons discussed below, Plaintiff's objections are OVERRULED. The Court ADOPTS the Magistrate Judge's Report, and Plaintiff's complaint is DISMISSED with prejudice.

**I.   Background**

On February 7, 2022, Plaintiff filed her pro se complaint, which asserts that her employer, Defendant Green Dot Public Schools Tennessee, discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117. (ECF No. 1.) Plaintiff claims that Defendant, for whom she began working as a special education teacher in 2016, retaliated against her and discriminated on the basis of age, disability, and race. (Id.)

In general, Plaintiff alleges that she was discriminated against by being assigned a greater workload and by being subjected to "unequal terms and conditions of her employment . . . in the area of IT support." (Id. at PageID 5.) Plaintiff supports her claim of age discrimination by asserting that, in

2020, she was assigned a caseload of twenty-four to twenty-six students, although a younger coworker was assigned only three students. (Id. at PageID 6.) To support disability discrimination, Plaintiff alleges only that she made Defendant aware of her disabilities, which she identifies as depression and anxiety, and that "Plaintiff believes Defendant discriminated against her . . . in violation of the [ADA]." (Id. at PageID 7.) The complaint does not explicitly mention race discrimination; instead, the complaint simply asserts a Title VII violation without elaboration, and Plaintiff clarifies in a later filing that her Title VII claim relates to race. (Id. at PageID 1; ECF No. 27 at 6.)

To support her claim for retaliation, Plaintiff asserts that she was prevented from attending various meetings and denied a place to hold meetings. (ECF No. 1 at PageID 7–8.) She also claims that she was "prevented . . . from fulfilling her duties" by Defendant's "stat[ing] that computer glitches were the alleged reasons for constant and significant technical issues" and Defendant's provision of "little or no[] support when assign[ing] a deadline involving students['] virtual learning goals." (Id.)

The Magistrate Judge recommends dismissing all of Plaintiff's claims. (ECF No. 23.) Addressing age discrimination, the Report finds that Plaintiff's allegations of having a greater workload than her younger peers do not constitute a materially

3

adverse employment action under the ADEA. (Id. at 7–8.) Because an adverse employment action is essential to showing an ADEA violation, Plaintiff's failure to identify an adverse action prevents her from plausibly stating a claim for relief. (Id. at 7.) Addressing Plaintiff's ADA claim, the Report finds Plaintiff's averment that she "believes Defendant discriminated against her in violation of" the ADA to be entirely conclusory. (ECF No. 1 at PageID 7; ECF No. 23 at 10.) Even if Plaintiff's general allegations of a greater workload and unsatisfactory IT support were taken to pertain to her ADA claim, those failings would not constitute adverse employment actions. (ECF No. 23 at 10.) The Report recommends dismissing Plaintiff's Title VII claim as administratively unexhausted because her charge of discrimination filed with the EEOC makes no mention of race or racial discrimination. (Id. at 11.)

The Report finds that Plaintiff could not successfully plead retaliation. Plaintiff filed her charge with the EEOC only after she had resigned. Defendant was no longer her employer and could not have retaliated against her for making the EEOC charge. (Id. at 13–14.) Plaintiff's allegation that Defendant retaliated against her because of her "internal complaint regarding her benefits and insurance," ECF No. 1 at PageID 7, is insufficient because such an internal complaint is not protected under the ADA or the ADEA. (ECF No. 23 at 14.) The Report recommends

4

dismissal of all of Plaintiff's claims. Plaintiff's objections -- one timely filed and the other two untimely -- followed. (ECF Nos. 24, 26, 27.)

## II. Jurisdiction

Plaintiff brings her claims under Title VII, the ADEA, and the ADA, all of which are federal statutes. Her claims arise under the laws of the United States, and this Court has jurisdiction under 28 U.S.C. § 1331.

## III. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1).

The district court is not required to review -- under a de novo or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the

5

magistrate judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute"). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain a different result on that particular issue. Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991).

"[W]hile the Magistrate Judge Act . . . permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000).

**IV. Analysis**

    **A. Timeliness of Plaintiff's Objections**

Before addressing the merits of Plaintiff's objections to the Report, the Court must decide which of Plaintiff's filings should be considered. As discussed, Plaintiff made three filings

6

after the Report was issued; one was within the deadline for filing objections, but the other two were untimely. (ECF Nos. 24, 26, 27.)

Ordinarily, a district court will not consider an untimely objection to a magistrate judge's report. Nottingham v. Comm'r of Soc. Sec., No. 1:08-cv-157, 2009 U.S. Dist. LEXIS 6355, at *5 (W.D. Mich. Jan. 29, 2009) ("[T]he failure to file timely specific objections obviates . . . all district-judge review." (emphasis removed)).

The Sixth Circuit, however, has made clear that strict enforcement of the requirement for a timely objection is inappropriate where a party is not informed of the consequences of a failure to object. Currie, 50 F.3d at 380 ("*As long as a party was properly informed of the consequences of failing to object*, the party waives subsequent review by the district court . . . if it fails to file an objection." (emphasis added)); see also Howard, 932 F.2d at 508 ("[T]he parties must be notified by the magistrate that failure to file the objections constitutes a waiver."). The Sixth Circuit has repeatedly considered on the merits arguments not raised in a timely objection where the parties were not made aware of the need to object. See Mattox v. City of Forest Park, 183 F.3d 515, 519-20 (6th Cir. 1999); Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir. 1993).

In this case, the Magistrate Judge's Report does not contain a warning to Plaintiff that she would forfeit her right to contest the Report by failing to object in time. (ECF No. 23.) That omission is particularly likely to prejudice Plaintiff given her pro se status. Despite Plaintiff's untimeliness, the Court will consider all three of her filings objecting to the Report.

**B. Objections to the Report**

Most of Plaintiff's objections consist of new arguments and facts not presented to the Magistrate Judge and not alleged in the complaint. For instance, Plaintiff now argues that Defendant retaliated against her for her opposition to Defendant's alleged practice of mischaracterizing the status of students' enrollment in order to receive government funding to which Defendant was not entitled. (ECF No. 26 at PageID 234–35.) She contends that Defendant took adverse action against her by purposefully withholding certain performance evaluation scores that Plaintiff needed to find other employment. (ECF No. 27 at 3–4.) She raises many other issues ranging from Defendant's allegedly improper student-teacher ratios to its practices in allowing its teachers to leave campus for lunch. (ECF No. 24 at 2, 5.)

None of these issues was alleged in the complaint or otherwise raised before the Magistrate Judge.[1] Plaintiff does

---

[1] Plaintiff's response to Defendant's motion to dismiss does appear to reference briefly the missing evaluation scores. Plaintiff says her attempts to gain new employment were hindered because Defendant

8

not offer any "compelling reason[]" to consider these previously unraised arguments, and the Court sees none. Murr, 200 F.3d at 902. The Court will not address them. See id.

On the merits, Plaintiff objects to the Report's recommendation that her claims of racial discrimination be dismissed. Although acknowledging that she did not check the box to report racial discrimination in her charge with the EEOC, Plaintiff contends that "I could include Race because as I obtain [sic] more information about how the younger white teacher evaluation scores open doors for them to have gainful employment."[2] (ECF No. 26 at PageID 236.) Plaintiff argues that she should be able to add a claim of racial discrimination to her complaint because she did not discover the evidence supporting that claim until after filing her EEOC charge.

Reviewing the issue de novo, the Court agrees with the Report that Plaintiff's Title VII claims should be dismissed as administratively unexhausted. Title VII plaintiffs must file a

---

"pretended to complete observation only to not provide this to the State site." (ECF No. 13.) That cursory, oblique reference was not, however, sufficient to bring the matter to the Magistrate Judge's attention, and the issue will not be considered by this Court. Even if the Court were to take up the matter, Plaintiff may not raise new factual issues in a response to a motion to dismiss. Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2001).

[2] In another filing, Plaintiff similarly states that, "as I research my case I am finding relevant and related information that now points to the fact that race discrimination occurred [and] I would like to include this in my claim." (ECF No. 27 at 6.)

9

charge with the EEOC before suing, and "[a]s a general rule, [such] plaintiff[s] cannot bring claims in a lawsuit that were not included in [their] EEOC charge." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010). "[C]ourts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." Id. at 362. Consideration of uncharged claims is limited, however, to situations in which "facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim" or where "the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination." Davis v. Sodexho, 157 F.3d 460, 463 (6th Cir. 1998). A plaintiff may sue on an uncharged claim if the EEOC's investigation of the charge does or reasonably could produce evidence of the uncharged claim. See id. If, however, the plaintiff makes a late discovery of evidence for an uncharged claim, the plaintiff must file a new charge, because "Congress gave initial enforcement responsibility [of employment discrimination laws] to the EEOC." Younis, 610 F.3d at 361.

Here, Plaintiff's claims of racial discrimination do not grow out of the facts related in the EEOC charge. In the charge, Plaintiff relates her concerns about workload and IT support and asserts that she was discriminated against based on her age and

10

disability. (ECF No. 9 at PageID 47.) No mention is made of race. (Id.)

Courts have repeatedly dismissed as unexhausted claims for racial discrimination where the EEOC charge did not discuss race. See Young v. Daimlerchrysler Corp., 52 F. App'x 637, 640 (6th Cir. 2002) (finding racial discrimination claims unexhausted where EEOC charge mentioned only age); Alexander v. Univ. of Memphis, No. 20-5426, 2021 U.S. App. LEXIS 16949, at *11–12 (6th Cir. June 7, 2021) (affirming dismissal of racial discrimination claim where "neither of [plaintiff's] EEOC charges contained factual allegations that supported a claim of racial discrimination"). Because Plaintiff's EEOC charge did not allege or give any indication of racial discrimination, her claim is unexhausted and must be dismissed.

The remainder of Plaintiff's objections consists of factual allegations not presented to the Magistrate Judge or too vague and ill-defined to decipher. Although the Court construes Plaintiff's pro se filings liberally, litigants are still required to make their objections "clear enough [for] the district court to discern those issues that are dispositive and contentious." Currie, 50 F.3d at 380. Plaintiff's remaining arguments, to the extent they do not rely on new factual assertions, fall short of this standard.

11

## V.    Conclusion

The Magistrate Judge's Report is ADOPTED, and Plaintiff's objections are OVERRULED. Defendant's Motion to Dismiss is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

SO ORDERED this 31st day of August, 2022.

                                          /s/ *Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE